

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Beaumont, Texas

Dear Sir:          Opinion No. O-3992
                   RE:  Constitutionality of
                        House Bill 431, Thirty-
                        second Legislature.

          In your letter of September 16, 1941, you
request our opinion as to the constitutionality of
House Bill 431, p.167, Local and Special Laws, Thirty-
second Legislature, an Act intended to render more
effective and efficient the then existing road law of
the State of Texas, in its application and operation
in Jefferson County.  Sections 2 and 3 of the Act deal
with the powers and duties of the Commissioners' Court
and its members and their compensation, Sections 4 and
5 relate to the issuance of bonds, and Sections 6 and
7 read as follows:

          "Sec. 6.  The provisions of this Act
     shall not be construed as in any manner abridg-
     ing or limiting the authority of the commissioners
     court of said county in the matter of public
     roads or bridges as now provided by law, but the
     same is intended and shall be cumulative, and
     in addition to, and in aid of, the present law,
     to render the same more efficient in its opera-
     tion.

          "Sec. 7.  The funds derived from any
     road tax or from the sale of any bonds herein
     provided for, shall be prorated between the
     commissioners district of said county when said
     tax is so levied or said bonds are so issued,
     in the ratio that the amount of taxes collected

in the district bears to the whole amount so collected or obtained by the county, and the commissioners court shall require its county treasurer to keep a separate account for each commissioner's district of said county of all the road funds so obtained by the county."

Your letter indicates that you are concerned with the question as to whether the Act is violative of Art. 3, Sec. 56, of the State Constitution, and your question will be treated accordingly.

Art. 3, Sec. 56 of the State Constitution, provides that "the Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law . . . regulating the affairs of counties . . . or prescribing the powers and duties of officers, in counties . . .",and your letter indicates that it is this section of the Constitution with which you are concerned. Furthermore, Art. 11, Sec. 2 of the Constitution, provides that "the laying out, construction and repairing of county roads shall be provided for by general laws."

However, it is contained in Art. 8, Sec. 9, of our State Constitution, that "the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws." Under this last quoted provision, the courts have sustained local laws providing for the laying out, construction and repairing of county roads. Dallas County v. Plowman, 91 S. W. 221; Hughes v. Com'rs' Court of Harris County, 35 S. W. (2) 818; Henderson County v. Allred, 40 S. W. (2) 17, Supreme Court; Tinner v. Crew, 78 S. W. (2) 586, Supreme Court. In other cases certain special or local road laws have been held to violate said Art. 3, Sec. 56, but the reasoning back of the line of cases holding such acts to be invalid is pointed out in the following quotation from Henderson County vs. Allred, supra:

"We are referred to the cases of Altgelt v. Gutzelt et al, 109 Tex. 123, 201 S.W. 400; Meyenberg v. Ehlinger, County Judge (Tex. Civ. App.) 224 S. W. 312, 315; Commissioners' Court of Limestone County v. Garrett (Tex. Com. App.) 236 S.W. 970; and Austin Brothers v. Patton (Tex. Com. App.) 288 S.W. 182, as being decisive of the in-

validity of the special road law which is here
assailed.

"A special road law was declared invalid in
the Altgelt Case as an attempt to regulate the
affairs of the county by changing the salaries
of members of the commissioners' court to a fixed
compensation per year in lieu of the fees and per
diem provided by the general law. In the Mayen-
berg Case the special road law was struck down be-
cause it authorized the Legislature to 'levy a
local tax for road purposes contrary to other
provisions of the Constitution limiting the power
of the Legislature in levying taxes'. In the Lime-
stone County Case the special road law was declared
void by the court because the Legislature was not
authorized in passing a local law to create offices,
and in the Austin Brothers Case the law involved
was condemned because it authorized the creation
of offices by local law and clothed the officers
with functions already performed by existing offi-
cers under the provisions of the general laws.

"It is obvious from the above cursory review
of the cases relied upon that the holding in
neither of them is in conflict with the conclusion
we have reached in this case. All of the special
laws condemned by the above decisions were attempts
to regulate by local law the affairs of a county in
direct contravention of the provisions of the Con-
stitution of this state, while the special road law
for Henderson county is merely an act by which
the Legislature has made provision for the dispo-
sition of the county's road taxes for a purpose
for which they may be lawfully applied. The ques-
tion as to whether it possessed the power to do
this is set at rest by the decision of our Supreme
Court in Dallas County v. Plowman, supra."

We do not find the Act in question to be subject
to any of the vices contributing to the invalidity of the
acts dealt with in the cases referred to in the quotation
from the Henderson County vs.Allred case. The fact that

Hon. Melvin Combs - Page 4

this Act prescribes certain duties of the commissioners' court in respect to the public roads and in that way perhaps indirectly diminishes the time of that body which may be left for attention to regular county affairs does not bring about the invalidity as being an act regulating the affairs of counties or prescribing the duties of county office. S. Harris County Flood Control District v. Mann, 140 S. W. (2) 1098. The same thing may be said with respect to the duties cast upon the county treasurer in Sec. 7 of this Act. The provision of funds to the different districts, as provided in Section 7 of the Act, is incidental if not necessary, to the plan of constructing and maintaining the public roads. It is our opinion that said House Bill 431, 32nd. Leg., does not violate Art. 3, Sec. 56, of the Texas Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Glenn R. Lewis
Assistant

APPROVED OCT 7, 1941

ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN

GLR:LW

